IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELEEN KIRSCHBAUM, an individual,

        Plaintiff,

        v.

RISE LAW GROUP INC., a domestic business corporation, MARYANNE PITCHER, an individual, and JAMIE HAZLETT, an indivual,

        Defendants.

Case No. 1:22-cv-1394-CL

ORDER

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 81), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants filed objections to the Findings and Recommendation. I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1 –ORDER

After reviewing the record, including briefings on Plaintiff's (successful) Motion to Quash, Defendants' (unsuccessful) Motion for Summary Judgment, the F&R and related briefings and objections, and the transcript of the November 29, 2023 oral argument, the Court is left with the impression that Judge Clarke said it best: "While the Defendants were well within their rights to litigate this case as zealously as they deemed appropriate, they cannot now complain about the hours billed in response to this tactic." F&R, 12.

Well before the Rule 16 hearing, and well before even conferring with Plaintiff as required by Rule 26, Defendants had clearly dug in their heels. For example, despite Rule 26(d)'s explicit prohibition—absent circumstances not present here—on any party seeking discovery before the required conferral conference, Defendants plowed ahead and immediately scheduled depositions. They ignored Plaintiff's objection that this "damn the torpedoes" approach flaunted the federal rules. Ultimately, Plaintiff had to seek and, over Defendants' objection, receive, a protective order.

Many factors appear to have impacted Defendants' decision to vigorously defend themselves: they viewed themselves as a good employer who treated their employees well; they did not believe Plaintiff worked overtime; and they were concerned that "if a quick payout was tendered in this matter, what message it would send [to] other properly classified employees."[1] Hazlett Decl. ¶ 9; ECF No. 90. As noted by Judge Clarke, Defendants were well within their rights to choose this litigation tactic. However, it comes as no surprise that this choice drove up the costs for all parties and led to Plaintiff digging in her own heels. In adopting the F&R, the

---

[1] Defendants' view of the merit of Plaintiff's claims is perhaps best portrayed by their reference to Heather Aragon, another former RISE Law Group employee who has a similar, ongoing federal wage case, as "Plaintiff's co-conspirator." Defs' Obj. to F&R, 3; ECF No. 89. This merely demonstrates that this litigation has become very personal for Defendants, who represent themselves in both cases.

2 –ORDER

Court does not mean to imply that Plaintiff went out of her way to limit costs and Defendants went out of their way to increase costs. Instead, both parties, to some extent, appear to have advanced a scorched earth policy. But because Plaintiff prevailed "on all claims," Defendants are obligated to pay for all fees reasonably occurred. The Court agrees with Judge Clarke that given the circumstances—where the parties and the attorneys appeared to abandon any good faith attempts at mutually agreeing to proceed in a manner that would limit costs—all of the fees, hours, and costs sought are reasonable.

    Magistrate Judge Clarke's Findings and Recommendation (ECF No. 81) is ADOPTED in full. Plaintiff's Motion for Fees (ECF No. 40) is GRANTED. Attorney fees in the amount of $142,560.00 and costs in the amount of $4,073.32 are awarded to Plaintiff's attorneys Stephanie Brown and David Shuck.

IT IS SO ORDERED.

    DATED this 10th day of May, 2024.

                                                                    _____/s/ Michael J. McShane_____
                                                                         Michael McShane
                                                              United States District Judge